Good morning, everyone. We have six cases on today's oral argument calendar, and we'll begin with Appeals No. 23-2630 and 23-2727, Boone v. the Illinois Department of Corrections. Ms. Hager, nice to see you. Good morning. May it please the Court, my name is Bethany Hager. I'm here today on behalf of the plaintiffs, appellants, and cross-appellees in the Boone case that's before you. Your Honor, since this case has been before this Court previously on a limited issue, remanded back to the District Court on that limited issue and disposed on that issue, that's where I'd like to begin. And that issue is plaintiffs' position that Public Act 102-667 in November 2021 did in fact amend the Health Care Right of Conscience Act in Illinois, and on its face, that amendment violates the right of Illinois workers, specifically the state workers and others similarly situated in this case, to be free from religious discrimination in the workplace. Ms. Hager, how do you get around the Illinois Appellate Court's opinion in class, which you did not address in your briefing? Okay, I'll address that now. I do think there's some problems with the interpretation of the Appellate Court in that case. For one thing, the issue in deciding whether this was an amendment or merely clarification, you have to look at, was there a need to clarify the law in the first place? And when the Appellate Court in glass has this discussion of the need to clarify the term discrimination, that's a brand new idea that had never been floated before by anybody. Nobody thought that there was a need to clarify the term discrimination in Health Care Right of Conscience Act, and so that's a rather tenuous basis for the Appellate Court to then say, well, we need to clarify this word that's not part of any of the discussion in passing this public hearing. So we have to determine whether or not there's any persuasive reason the Illinois Supreme Court would not follow the glass opinion. So if you could please just frame your argument to us in terms of that, because that's the determination we have to make. Sure. So the Supreme Court declined to take up our appeal in the glass case. Correct. And I think it's difficult to then suss out any reasoning or logical basis based on their failure to take up the case. Well, that certainly doesn't help you. I agree. It leaves in place the decision and the state of the law as the Appellate Court left it, but it doesn't affirm it. It doesn't necessarily say that the Supreme Court agrees with that reasoning. It just says that at that moment the Supreme Court is not going to take up that issue or that case. But doesn't that suggest to us that there isn't a persuasive reason that they wouldn't follow it? That's a double negative. I think I understand what you're saying. And I don't think it has to say that to you. Because when a federal court is analyzing the statute and the amendment to the statute in light of does the statute and the amendment comport with federal requirements to keep workplaces free of religious discrimination, that's a larger analysis for this court and for federal courts. But it's still an underlying Illinois legal issue. Well, the cause of action here is federal. The underlying question of the impact of the public law on the underlying statute is an Illinois legal issue. So I do think you have to take it into account, but I don't think it's persuasive on this court, especially when the reasoning that is in that opinion is, as I said, tenuous. Has any court, to your knowledge, disagreed with Glass? There's not been many cases filed or any cases filed since that or that have reached to the appellate level. So it is sitting out there as the current most recent. Ms. Hager, assume for just purposes of our dialogue here in the courtroom, assume that Public Law 102-667 did not change Illinois law. It had no effect on Illinois law. That's what the statute says. That's how Glass interpreted it. That's what our prior opinion said. If you accept that premise, just for discussion purposes, do your clients have standing? I think they do. And first of all, I mean, you know that's not your position. But even assuming it's not a change to the law. How can you have Article III standing? How could a statute that has no effect on existing rights and obligations inflict injury, cause injury? Okay. So let's presume that this new amendment, Section 13-5, Public Act 102-667, made no change to the Healthcare Right of Conscious Act. Then you're faced with an issue where the Act, supposedly as it was written, says you can have your religious freedom in the workplace except for this one disease. When it comes around, you don't get your religious freedom. Right. So I understand that position from your brief. But that seems to me to be a challenge not to 102-667, but rather to the Conscience Act of Illinois. In other words, if you accept the premise for discussion purposes, it seems to me that the substance of your client's position is one that is challenging the Conscience Act. Essentially it would fall back to that. The Conscience Act... But that's not what's before us, though, is litigation challenging in isolation. At least as I've understood the litigation, 102-667. In other words, your clients would be free to lodge a constitutional challenge or other challenge to the Illinois Conscience Act in light of the vaccine and testing mandates. They could do that. But that just doesn't seem to be this litigation. That's what this litigation has, by process, required them to fall back on. But you're right. Initially, plaintiff's position... But which cause of action did you bring that challenges the Conscience Act? No, it's not there initially because plaintiff's position is that the Public Act amends it. And by amending it, that is the violation of their right to be free from religious freedom in the workplace. Yeah, so when the litigation gets isolated to 102-667, that's where I think it gets very difficult for your clients because that statute is akin to like the federal analog of the sense of the Congress or something like that, where it just, by its terms, it doesn't affect rights and obligations. And I think procedurally, plaintiffs would perhaps seek and want to go back and amend to have that initial challenge in an amended complaint, but that's just procedurally not how the litigation has moved forward. Under what theory could you go back and amend to add challenge to different laws? If the court tells my clients that that's the only way that they can move forward, then that's the path forward. No, no, wait a minute. That's the way you pled the complaint. You challenged a particular law. If you don't have standing to challenge that law, are you asking for a do-over? I mean, I'm not sure. What are you asking us to do? I mean, if you don't, if the law is clarifying and not amending the Conscience Act, I don't see how you can claim injury from the public law 102-667. Frankly, I don't. Are you just asking us to allow you a do-over in district? I mean, what are you asking us for? I don't believe plaintiffs need a do-over. Right, but let's say we do. Let's say we think that. Then I'll have to assess that in a moment, but as it stands now, I believe it's highly illogical to say that Public Act 102-667 merely clarified Healthcare Right of Conscience Act. Right, so that's kind of gets at Judge St. Eve's question. So what that, and you're clear on that. It's not, we get that. What you're saying is that the Illinois Appellate Court in Glass is just simply mistaken. I believe they were. Right, okay. But the Illinois, you know, we need, they're the final say on state law that, you know, the Illinois courts are. So unless there's some indication that the Illinois Supreme Court would agree that the Glass decision is wrongly decided, you know, we, you know, we're not, we got to be pretty careful about not following that. I agree you have to be careful, but I think you can thread the needle. And I, I think the decision of the Illinois Supreme Court not to take up the case does not prove from the negative that the Appellate Court was correct in that reasoning and in that conclusion. Yeah, okay, fair enough. Okay. Do you agree, there's a couple of just little items that are at the fringes of this that I want to make sure of. You're not challenging, in this appeal, are you, the district court's November 2022 dismissal of the Title VII and Cosmetic Act claims? So not the dismissal of the Cosmetic Act claim. I do believe that the state's appeal of that decision, which I could not address until our cross-brief, did bring back the Title VII claim issue. And so, we addressed that in the reply brief. But it, but you're not appealing it separately. Not separately. Right. Okay. And as it stands, it's dismissed. That's correct. Okay. And in your, do you agree that the district court's judgment, it had some just, I think just clerical errors about it as the red brief points out. Do you agree that those errors should be modified or corrected? I don't dispute the clerical errors should be corrected. Yeah, okay. Okay. If there's no other, do you, just one other quick question. Do you concede that you did not obtain a right to sue letter from the EEOC? They, we filed the claim in court while their EEOC claims were pending and because of the nature of the claims, it's our position they didn't have to wait for those right to sue letters. But do you agree, as of today, you have not received a right to sue letter from the EEOC? For the five named plaintiffs? Yes. I would have to go back and check if they've each received their letters. But it's been three or four years. Circumstances even with their individual employment changed. So I can't answer for you right now. I didn't see anything in the record anywhere where right to sue letters were filed with the court. Okay. Which suggests to me you didn't receive them. Then they possibly didn't come through the file or weren't considered necessary to be. Or that you received them. I, you're resisting answering that question. I don't know. I can't answer either way. So I'll agree with you that they're not in the record. I'll reserve the balance of my time for rebuttal unless there's other questions. Yeah, no, that's fine. Let's hear from the Department of Corrections and we'll come back to you. Good morning. Good morning. May it please the court. Assistant Attorney General Lee Jahnig for the Appellees Cross-Appellants. Unless the court prefers otherwise, I'd like to start with counts three through five, which are the challenge to the Right of Conscience Act amendment. And first the plaintiff standing to bring those claims and then the merits. And then go on to the first two counts of the complaint, the Title VII and Cosmetica claims. So with respect to the plaintiff standing to challenge the amendment to the Right of Conscience Act, Section 13.5, as this court held in the first appeal, the plaintiffs lack standing to bring those claims if Section 13.5 is a declaration of existing law. And the Illinois Appellate Court has said that it is. This court should only depart from that interpretation if there is a convincing reason to do so. And here there is not. All of the data suggests that this court should follow Glass. First, the Illinois Supreme Court denied review. The state legislature has said that it is a declaration of existing law. Glass is consistent with Illinois law about how to decide if an amendment is a declaration or if it's a substantive change, as we explained in our brief. And even if there are multiple possible interpretations of a statute, this court should generally follow the narrower one with respect to state law, and that's what Glass's interpretation is. Miss Johnig, let's assume that we agree with you on that. Do we have to do anything further with respect to 102-667 and all of these alternative arguments? I understand why you advance them in your brief, but do we have to entertain any of them? No. We can just stop. If there's no Article III subject matter jurisdiction, I don't think we can address the merits. That's the steel company decision from the Supreme Court. That's correct. There's no authority to do that. That's correct. We advanced arguments about why those counts 3 through 5 didn't state a claim in the event that the court did determine that there was standing, but our position has always been that there is not. Glass states what Section 13.5 means, and as this court has held, accepting that conclusion from Glass means that the plaintiffs lack standing, and this court can end the analysis there. Plaintiffs' arguments for departing from Glass, as I understood them today, are that Glass has, I think, some problems and is tenuous, but that does not meet the high bar to depart from a state court, a state intermediate appellate court's interpretation of its own law. And so for that reason... The statute by its terms says it's not changing Illinois law. Correct. Right? So it's... Glass would have had to hold that the legislature could not possibly have meant what it said, and that's not what Glass did. Glass construed that public act like we construed the public act, taking the legislature at its word. It's not a change of law. Correct. It's more a sense of the legislature or something. Yes, and then that's just one of the many indicia here that the Illinois Supreme Court would not depart from Glass. And again, these... Just having potentially some problems with its reasoning is not, as the only argument that the plaintiffs advance, is not a reason to depart from that decision. Can we read into the fact that the Illinois Supreme Court... I think it's certainly not a dispositive holding, and we don't suggest that, but what this court is doing in this inquiry is looking at all the data that's out there and determining if there's a persuasive reason that the Illinois Supreme Court would rule otherwise. And the fact that the court denied review is certainly sort of weighs more to our side, even if it's not dispositive on that question. So, unless the court has any further questions on the standing issue... Yeah, can we shift to the Title VII in cosmetic? I just don't... I don't see them in front of us on appeal. Maybe I'm mistaken about that. They were dismissed, and Ms. Hager acknowledges she hasn't appealed the dismissal of them. Correct, Your Honor. As we noted in our brief, the plaintiffs forfeited any challenge to that dismissal by not raising it in their opening brief. I do want to address this contention that by cross-appealing, we kind of open the door to it... Could you explain why you cross-appealed? Because you won on those two claims below. So, our position is that the Title VII claim was properly dismissed for lack of exhaustion, which is a dismissal without prejudice. If the court were to disagree with that or simply not reach the issue, it could affirm on the alternative ground that it fails to state a claim, which is what we advanced, and that would, I think, be a dismissal... It's not up on appeal. Plaintiff hasn't appealed the Title VII. So, again, you won. I don't know how you can now bring up an alternative ground for us to address it on. It will stand as dismissed for failure to exhaust, as the district court ruled. Because the plaintiffs essentially... Because they haven't appealed it. Right. And when we filed our notice of cross-appeal, I don't think we would have known that the plaintiffs would sort of forfeit a challenge to that. Our position was when they appealed from the final judgment, any previous order from the district court would have been fair game. So, they could have appealed the Title VII claim, but... You don't have to answer this, but you may have been thinking that if you want to modify the judgment, you need to cross-appeal. Yes, that is our position. So, if the court wants to reach the merits of that, it could affirm on that alternative ground. Even though you won, eight days a week, you would like a with prejudice dismissal over a without prejudice dismissal. We wanted to provide the court with that option if it wishes to reach that issue. Our position, especially in light of what we now see to be the forfeiture, the court can certainly affirm on the basis that the district court dismissed the claim or simply on the plaintiff's forfeiture of that claim in their opinion. I don't know why we'd have to do anything, though, because it's technically really not before us. You said affirm on the Title VII. If it hasn't... If plaintiffs haven't properly appealed that and you won, I'm not sure how you can appeal it and give us the opportunity to affirm it. If the court believes that the claim is not before it, then we certainly accept that position as well. What about the Cosmetic Act? So, the plaintiffs, again, did not appeal that claim. They haven't even advanced any argument here. I would agree with that, but you appealed it, and again, you won below. I don't believe we advanced the Cosmetic Act claim on cross-appeal. Okay. Unless the court has any further questions... I just have one more quick question for you. You have asked the court to correct some clerical errors. Do you agree that we need to give the district court leave to amend to correct it, that that's not something we can do on our own? So, there were clerical errors in the judgment. Is that something we can on our own correct, or do we need to send it back for the limited purpose or give the district court leave and direct them to clarify it? I believe the court can do it on its own, but I'm not certain of that, Your Honor. I think either way, that issue is not disputed. So, insofar as it needs to be a limited remand, you know, the district court could certainly correct that as well. Unless the court has any further questions, we ask the court to affirm the dismissal of this action. Thank you. Thank you, Ms. Chonick. Ms. Hecker. Thank you. So, briefly, returning to the question, assuming it's only clear... Assuming the new public act is only clarifying the existing statute with no change, I do think you still have a problem in that the paragraph that's added does muddy the waters of the public policy stated within the act and stated by Illinois law in other places, which is to protect the expression of religious expression in the workplace, where this paragraph now comes in and does the opposite. And notwithstanding the questionable interpretation of the appellate court on the effect of that amendment or that new section, it does have to be dealt with that now having this section in the Health Care Right of Conscience Act contradicts the state of public policy of the act and then does on its face create an act that violates the right of workers to be free in the workplace from religious discrimination. And so, based on that, we would ask the court to remand the case, revive the claims, remand the case for further proceedings so that plaintiffs can seek relief from their course of action. Thank you. Ms. Hecker, thanks to you. Ms. Chonick, thanks to you. We will take the appeal under advisement.